■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM A. GATEWOOD, Appellant.— SWEENEY, J. Appeal from a judgment of the County Court, Albany County, rendered September 30, 1968, convicting the defendant of the crime of grand larceny in the third degree. On April 28, 1968 one Leonard Pigeon met defendant for the first time and invited him to his apartment for a drink. Pigeon had some $816 of his employer's money in a bureau drawer. After the two men had been in the apartment for a while, Pigeon left to get more beer. When he returned defendant was seen "almost running" from the premises. Pigeon then discovered the money was gone. Defendant was later apprehended at the Herkimer exit of the Thruway. Police searched him there, finding $533 in cash on his person. He was subsequently identified by Pigeon at the Herkimer Exchange station house. Defendant contends the trial court erred in denying him a pretrial identification hearing, and in receiving in evidence certain statements against interest, since no notice pursuant to section 813-f of the Code of Criminal Procedure was served. Defendant further maintains the search of his person was also illegal. We find no merit in these contentions. There was never any issue as to the defendant's identity. Pigeon had been in defendant's company the morning of the alleged theft and even admitted receiving the money from Pigeon, although he denied it was larceny. Consequently, the identification under these circum-

stances was permissible since it was based on an independent source (*People v. Brosnan,* 31 A D 2d 975, 976; see, also, *People* v. *Logan,* 25 N Y 2d 184). Section 813-f of the Code of Criminal Procedure does not require the prosecution to give notice to the defendant of statements he made in the presence of Pigeon and one Fox, the taxi driver who drove defendant to Herkimer, since they were private persons and not members of the police. (*People* v. *Mirenda,* 23 N Y 2d 439, 448.) The police officers were justified in searching defendant at the time of the arrest in order to prevent concealment or destruction of any evidence, or to protect the officer from injury. (*Chimel* v. *California,* 395 U. S. 752; see, also, *People* v. *Lewis,* 33 A D 2d 193.) Finally, defendant contends that the prosecution made inflammable and prejudicial remarks in its summation. Taking the summation as a whole, and in light of all of the proof, we find no merit in this contention. Judgment affirmed. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Sweeney, J.