THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES CULHANE et al., Appellants.

Third Department, June 2, 1977

*Karen K. Peters (Michael E. Tigar* and *William M. Kunstler* of counsel), for appellants.

*Francis J. Vogt, District Attorney,* for respondent.

HERLIHY, J. This case has been tried three times. The first jury failed to agree and a mistrial resulted. The second trial resulted in a conviction which was set aside by the Court of Appeals in *People v Culhane* (33 NY2d 90). The instant trial resulted in a conviction of the crime of felony murder. This appeal ensued and defendants have raised several issues urging reversal. After a careful consideration of defendants' contentions we are of the view that only two require comment by us.

While this is an appeal following a retrial, the general and underlying facts are sufficiently set forth in *People v Culhane (supra)* and need not be repeated here.

Defendants contend that there is insufficient evidence to sustain the conviction. On this appeal, therefore, we must view the facts most favorably to the People *(People v Cleague,* 22 NY2d 363, 366).

The central issue at the trial was one of credibility as to the testimony of the witness Singer and the testimony of the two defendants. The jury, as it usually does, exercised its good judgment and common sense in weighing the testimony and found the defendants guilty and it would be difficult to conceive of a jury doing otherwise. The defendants' sole defense was that a dead associate was the prime actor in the attempt to escape and even assuming that to be so, the jury was justified in finding the defendants guilty.

The only remaining issue concerned the charge of the court and experienced criminal lawyers seek to convince this court that certain parts thereof were out of proportion. It is this court's opinion that the charge may be read in its entirety as often as one might wish and never come away with the reaction that it was so unfair to these defendants as to require a reversal. The court meticulously charged time and again that it was not its recollection or its marshaling of the facts that they were to consider, but it was the jury's own recollection. It charged the prior criminal record of these defendants, but made it explicitly plain that it was to be considered only

on the issue of the credibility of these defendants. The jury, of course, knew that the defendants were imprisoned at the time of the commission of the crime as they were in the process of being transported from Auburn State Prison to the Westchester County Court to be present at a *coram nobis* hearing.

It should be noted that the jury returned on several occasions for additional instructions and for reading parts of the testimony, all of which demonstrates the careful and thorough examination given in reaching its ultimate decision and which, in and of itself, makes it crystal clear that as to the jury, it did not consider the charge in any way prejudicial, slanted or unfair. After a four-week trial marked by considerable interruptions, objections, and bench conferences held at the request of the attorneys for the defendants, it was the obligation of the court to marshal the facts. On one occasion when the jury returned for additional information where it appeared that the court may have been in error as to one minor part of the charge, the court said: "I caution you once again, as I have on at least two occasions during the course of my charge, and that is, as to any reference of fact that I made in my charge to you, it is your recollection, the combined recollection of the twelve of you, that must govern and not my recollection nor that of the attorneys."

The court's attention has been called to the memorandum decision of the Court of Appeals in *People v Williamson* (40 NY2d 1073). A reading of the record and the opinion of the Appellate Division (48 AD2d 863) is convincing that that decision is in no way controlling. In that case two police officers investigating the crime directly contradicted each other's testimony as to the facts surrounding the happening of the event. Such a contradiction in testimony presented a sufficient reason for a court to mention the numerous inconsistencies in the testimony of the witnesses for the prosecution. The present trial lasted approximately four weeks while the *Williamson* trial was of short duration. Additionally, there were numerous other areas of concern in the latter case, including the sentence, which raised serious issues requiring a reversal, none of which are here present.

We have examined the numerous other alleged errors as set forth in the brief of the defendants and, after a review of the record, we find them to be without merit (see *People v Crimmins,* 36 NY2d 230, 239).

The judgment should be affirmed.

SWEENEY, J. (dissenting). We are unable to agree with the majority that the judgment should be affirmed and, therefore, we dissent and vote to reverse. In our view, the trial court's marshaling of the evidence was so one-sided and unfair as to constitute prejudicial error. The court had the obligation to marshal the evidence only to the extent necessary to "explain the application of the law to the facts" (CPL 300.10). The court chose to marshal the evidence in some detail. It summarized the direct testimony of all of the witnesses, and, in addition, the cross-examination of defendants. It made no comment on Singer's cross-examination. This becomes quite significant when we consider that the court charged the jury of the importance of cross-examination in testing the truth and credibility of a witness. The court also mentioned some of the inconsistencies of the defendants' testimony, but none of the numerous inconsistencies in Singer's testimony. Furthermore, the court pointed out that the defendants had an interest in the outcome of the trial which could be considered in evaluating their testimony, but failed to point out any interest Singer might have had. The court further charged that the jury could consider defendants admitted crimes in evaluating their credibility or believability. It then enumerated the prior convictions of each defendant. Later in the charge it again mentioned the prior convictions of Culhane and the various sentences he received. Assuming a more detailed marshaling of the evidence was required, it is axiomatic that any marshaling, nevertheless, must be done fairly.

On this record, we are of the view that the charge taken in its entirety was so unfair that any prejudice created thereby was not remedied by the court's recitation of a few general principles of law. The harm was accentuated when we consider that the marshaling of the evidence which, concededly, favored the prosecution, was the last word the jury heard on the case before submission. Credibility was of critical importance. The indictment was one for felony murder. The prosecution contended and offered proof that the defendants and Bowerman were all attempting an escape at the time Fitzgerald was killed. The defendants contended and testified that only Bowerman was attempting an escape and they took no part in it. A resolution of the issue, therefore, narrowed to who was telling the truth. Under these circumstances, we cannot consider the error harmless (People v Williamson, 40 NY2d 1073).

The judgment should be reversed and a new trial ordered.

KOREMAN, P. J. and KANE, J., concur with HERLIHY, J.; SWEENEY and MAHONEY, JJ., dissent and vote to reverse in an opinion by SWEENEY, J.

Judgment affirmed.