■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BUCK-HEIT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Schwartzwald, J.), rendered January 22, 1982, convicting him of robbery in the first degree, robbery in the second degree (two counts), burglary in the first degree, burglary in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The record demonstrates that during the examination of the witnesses for the prosecution, the trial court assumed the function of the prosecutor to such an extent as to deprive defendant of a fair trial and to impair the aura of impartiality which should surround every judicial proceeding. If a witness, such as the complainant in this case, has a language difficulty, a Trial Judge may intervene to clarify unclear or confusing answers (*People v Yut Wai Tom,* 53 NY2d 44, 57-58; *People v Jamison,* 47 NY2d 882, 883-884). However, such prerogative must not be interpreted and utilized as a license to systematically and continuously pre-empt and displace the prosecutor in the examination of the witness (*People v Matos,* 46 AD2d 903, 904). Rather than protecting the record during the examination of the complainant, the trial court usurped the role of the prosecutor and impermissibly made the record. For example, the trial court elicited material testimony from the complainant as to the period of time the complainant had observed his assailants and the lighting conditions at the time of the incident, in a case where mistaken identification was the key issue. Additionally, the trial court's interruption of defense counsel's cross-examination of the complainant, either to interject a new and apparently irrelevant line of questioning (nature of building; denominations of bills) or to ask questions which would only be proper on redirect examination if asked by the prosecutor (see *People v Yut Wai Tom, supra*), was unwarranted and plainly served to undermine the effectiveness of the cross-examination. With respect to the latter, one area of inquiry will be used for purposes of illustration. After defense counsel elicited testimony from the complainant that he did not notice if any of his two assailants' front teeth were missing (in fact defendant was missing a front tooth) the trial court rehabilitated the witness by eliciting testimony that defendant's accom-

plice did all the talking during the robbery and assault. Unnecessary and excessive interference with the presentation of proof by the trial court continued throughout the direct examination of the remaining prosecution witnesses, to the exasperation of both the prosecutor and defense counsel. At one point, the trial court elicited crucial incriminating testimony from Sergeant Pittinsky that subsequent to defendant's apprehension, defendant was placed in an ambulance and taken to the hospital because defendant claimed his back was bothering him. Prior to eliciting this information, Officer Driscoll had testified that during a chase of the complainant's assailants, he observed one of the perpetrators lying on his back after witnessing his fall from the roof of an apartment building onto the roof of an adjoining building. The eliciting of critical incriminating evidence by the Trial Judge further posed the grave risk that he had conveyed to the jury an opinion that defendant was culpable (see *People v Yut Wai Tom,* 53 NY2d 44, 57, *supra; People v Ellis,* 62 AD2d 469). We conclude that defense counsel's motion for a mistrial on the ground the Trial Judge had impermissibly usurped the role of prosecutor, should have been granted. Despite the weighty evidence of guilt, the intrusion of the Trial Judge, which deprived defendant of his constitutional right to a fair trial, is not subject to harmless error analysis (see *People v Mees,* 47 NY2d 997, 998; *People v Crimmins,* 36 NY2d 230, 238). Accordingly, a new trial is required. Lazer, J. P., Mangano, Gulotta and Bracken, JJ., concur.