■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN L. LEE, Appellant. — Appeal by defendant from a judgment of the County Court, Rockland County (Edelstein, J.), rendered February 10, 1983, convicting him of burglary in the second degree, criminal mischief in the fourth degree, petit larceny, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's trial was marred by a great deal of heated colloquy which took place between the trial court and both attorneys. The acrimony which developed between the court and counsel resulted in both attorneys being threatened with contempt sanctions. The prosecutor was, in fact, ordered at one point to spend the night in jail. This did not occur in the jury's presence and, in fact, that order was subsequently rescinded. The trial court did not ask an inordinate amount of questions of witnesses so as to usurp the role of the prosecutor (cf. People v Yut Wai Tom, 53 NY2d 44; People v Buckheit, 95 AD2d 814). The exchanges between the court and counsel took place, in large measure, outside the presence of the jury. Also, the court was equally

hostile in its remarks to both attorneys, and hence, the jury was not given the impression that the court had a bias in favor of one side or another (*cf. People v Moulton,* 43 NY2d 944). Thus, the conduct of the trial court does not warrant reversal. We also find that the trial court did not abuse its discretion in connection with defendant's pretrial *Sandoval* motion (*People v Sandoval,* 34 NY2d 371). The evidence of guilt in this case is overwhelming, and the prosecutor's reference to defendant's use of heroin on the day of the crime, if error, was harmless (*People v Crimmins,* 36 NY2d 230). Defendant's challenge to the jury charge was not preserved for review (*People v Hoke,* 62 NY2d 1022) and we are not inclined to review it in the interest of justice. O'Connor, J. P., Rubin, Lawrence and Eiber, JJ., concur.