■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL RODRIGUEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Vaccaro, J.), rendered December 16, 1981, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The trial court, in asking a limited series of questions regarding when the chief prosecution witness first identified defendant as the perpetrator of the crime in question, acted properly in order to clarify an unclear and confusing answer to a defense question, since the witness had a language difficulty *(see, People v Yut Wai Tom,* 53 NY2d 44, 57-58; *People v Jamison,* 47 NY2d 882, 883-884; *People v Buckheit,* 95 AD2d 814). The trial court did not preempt the prosecutorial function or elicit material or critical incriminating testimony *(see, People v Buckheit, supra; People v Matos,* 46 AD2d 903, 904). The trial court's marshaling of the evidence, viewed in its entirety, was fair and evenhanded *(see, People v Culhane,* 57 AD2d 418, *affd* 45 NY2d 757, *cert denied* 439 US 1047; *cf.*

*People v Williamson,* 40 NY2d 1073). Finally, defendant's claim that a notice pursuant to CPL 710.30 was required with respect to telephone statements allegedly made by him to the chief prosecution witness is without merit, since the witness was a civilian and was neither a public servant nor acting as an agent of law enforcement authorities (CPL 710.30 [1]; *People v Mirenda,* 23 NY2d 439, 448; *People v Gatewood,* 34 AD2d 851; *People v Pease,* 67 Misc 2d 359). Bracken, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.