■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICK BLAKE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered March 23, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements.

Ordered that the judgment is affirmed.

The trial court properly determined, after a hearing, that the fellow inmate who testified to a confession made by the defendant while in jail was not acting as a government agent; the facts of this case do not fall within the strictures of *Massiah v United States* (377 US 201). The informer in this instance had provided the information on his own initiative, and not in response to any agreement, understanding or prompting by the government *(see, People v Cardona,* 41 NY2d 333, 335). A prior attempt at cooperation, documented by a cooperation agreement, had terminated many months before the informer volunteered the information now in question, and no further attempt was made by the District Attorney's office to garner assistance from the informer. The informer's awareness that volunteering the defendant's confession might

result in a lesser sentence for himself does not render the government's role in the matter more than one of "mere acceptance of proffered information" *(see, People v Cardona, supra,* at 335).

The testimony of the informer as to the defendant's complete confession was properly corroborated pursuant to CPL 60.50 by the existence of the corpus delicti *(see, People v Murray,* 40 NY2d 327, 331), as well as by substantial additional circumstantial evidence from which guilt could properly be inferred. Viewing the evidence in the light most favorable to the People *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932) the defendant's guilt was proven beyond a reasonable doubt.

We have examined the remaining contentions in the appellate counsel's brief and in the defendant's *pro se* supplemental brief and find them to be without merit. Mangano, J. P., Kunzeman, Kooper and Spatt, JJ., concur.