■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

EDDIE HALL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered September 10, 1985, convicting him of reckless endangerment in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Initially the defendant contends that the trial court erred in allowing the complainant to testify as to inculpatory statements made by the defendant to the complainant's husband 2 or 3 weeks after the commission of the crime. The defendant alleges that the prosecutor withheld notice of the statements, and thus he was denied the right to a fair trial. We disagree.

Statements made by a defendant to individuals who are not law enforcement personnel need not be disclosed to a defendant prior to a trial (see, People v Mirenda, 23 NY2d 439; People v Rodriguez, 114 AD2d 525). In this case, however, the prosecutor apparently served a bill of particulars and a voluntary disclosure form in which it was stated that the People did not intend to offer any statements of the defendant made to individuals who were not law enforcement personnel. Since the prosecutor must have learned of such statements immediately prior to or during the course of the trial, fair play required prompt disclosure to the defendant. However, when objecting to the introduction of this evidence, the defense counsel did not specifically object on the basis of the bill of particulars or voluntary disclosure form and, therefore, did not afford the court an opportunity to rule upon this question. For this reason, the issue is unpreserved for appellate review. Moreover, in view of the equivocal nature of the statements in the context of the strong proof in this case, the defendant was not deprived of a fair trial, and we decline to exercise our interest of justice jurisdiction (see, CPL 470.15 [6] [a]).

The defendant further contends that he was denied a fair trial as a result of improper comments made by the prosecution during summation. While some of the statements would have been better left unsaid, they were either unpreserved for appellate review or were promptly cured by the Trial Judge (see, People v Thomas, 50 NY2d 467; People v Sawyer, 111 AD2d 398, lv dismissed 66 NY2d 767). In any event, such comments were harmless in light of the overwhelming evidence of guilt (see, People v Crimmins, 36 NY2d 230; People v Roopchand, 107 AD2d 35, affd 65 NY2d 837).

Finally, we note that, in our determinations, we have con-

sidered the defendant's *pro se* supplemental brief, and find the contentions raised therein to be without merit. Lawrence, J. P., Eiber, Spatt and Sullivan, JJ., concur.