■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY GRUNE, Appellant.—Appeal by the defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered April 15, 1987, convicting him of arson in the third degree, upon his plea of guilty, and imposing sentence. The

appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him.

Ordered that the judgment is affirmed.

The suppression court properly denied that branch of the defendant's omnibus motion which was to suppress testimony of statements made by him to a private person regarding his involvement with the incident in question. It is well-established law that if a confession is obtained without the knowledge or participation of law enforcement, it is fully admissible at trial (see, People v Horman, 22 NY2d 378, cert denied 393 US 1057; People v Jones, 61 AD2d 264, affd 47 NY2d 528). In this case, it was not incumbent upon the court to conduct a hearing, as the law is clear that no hearing is required when dealing with admissions to private persons (see, People v Mirenda, 23 NY2d 439; People v Rodriguez, 114 AD2d 525). While it is true that a hearing should be conducted where a question regarding the voluntariness of the statements arises (see, People v Mirenda, supra; People v Harden, 17 NY2d 470), in the instant case, we reject the defendant's claim that an issue of voluntariness was raised by his state of intoxication, which was self-induced (see, People v Schompert, 19 NY2d 300, cert denied 389 US 874).

We have reviewed the defendant's remaining contention raised in his supplemental pro se brief and find it to be without merit. Kunzeman, J. P., Rubin, Eiber and Sullivan, JJ., concur.