■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HAIRSTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered December 8, 1986, convicting him of criminal

possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

On June 21, 1984, two police officers responding to a radio transmission observed the defendant and his wife engaged in a dispute on a Queens street and intervened, separating the two. Thereafter, the defendant's wife informed one of the officers that the defendant had threatened to kill her and further advised the officer that the defendant kept a pistol in his automobile, which he had parked nearby. Accompanied by the wife, the officer walked over to the automobile, and, without opening the door, looked inside but was unable to locate the weapon. The officer then asked the wife where the gun was located. Although not requested to do so, the wife entered the car, reached under the seat and removed a box which contained a .38 caliber revolver. The defendant's motion to suppress the weapon was denied, and, after a jury trial, he was convicted of criminal possession of a weapon in the third degree. We affirm.

We conclude that the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the gun found in the defendant's automobile. The record reveals that the defendant's wife informed the police that there was a gun in the automobile and, immediately thereafter, confirmed the reliability of her assertion by removing the box containing the gun from under the driver's seat. Under the circumstances, the wife's statements—advising that the defendant had threatened to kill her and that he kept a gun in an automobile parked nearby—provided the officers with probable cause to conduct a reasonable search for the weapon (see, People v Vargas, 143 AD2d 699; People v Ward, 95 AD2d 233, 239; see also, People v Lypka, 36 NY2d 210, 212-213; People v Hicks, 138 AD2d 519, lv denied 71 NY2d 969; People v Savona, 112 AD2d 328; People v La Borde, 66 AD2d 803).

In any event, the record establishes that the defendant's wife, acting on her own initiative and as a private citizen, performed the search which actually uncovered the weapon. It is well settled that the proscriptions of the Fourth Amendment are inapplicable to citizens whose actions are private in nature (see, People v Ray, 65 NY2d 282; see also, People v Miller, 137 AD2d 626, 628-629).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.