■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRINCE BINGHAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthews, J.), rendered March 13, 1984, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Marano, J.), without a hearing, of those branches of the defendant's supplemental omnibus motion

which were to suppress certain physical evidence and certain statements made by him.

Ordered that the case is remitted to the Supreme Court, Kings County, to hear and report on those branches of the defendant's supplemental omnibus motion which were to suppress certain physical evidence and certain statements made by him, and the appeal is held in abeyance in the interim. The Supreme Court shall file its report with all convenient speed.

Prior to trial, the defendant moved, *inter alia,* to suppress certain statements made by him on the grounds that they were involuntarily made and were not preceded by proper and complete *Miranda* warnings. The People opposed the motion on the ground that the defendant had not alleged facts which indicated that the defendant was deprived of his constitutional rights. The court (Marano, J.) summarily denied the defendant's request. This was error. As stated by the Court of Appeals, "there *must* be a hearing whenever [the] defendant claims his statement[s] [were] involuntary no matter what facts he puts forth in support of that claim" *(People v Weaver,* 49 NY2d 1012, 1013; *see,* CPL 60.45, 710.20 [3]; 710.60 [3] [b]). Therefore, the matter is remitted for a hearing on the issue of the voluntariness of the defendant's statements *(see, People v Huntley,* 15 NY2d 72; *People v Grune,* 139 AD2d 763). While the People claim on appeal that some of the defendant's purported statements were not made to law enforcement officers, we find that this issue can be resolved at the hearing *(cf., People v Grune, supra).*

Finally, on oral argument, the People conceded that the defendant had alleged sufficient facts in his supplemental omnibus papers to warrant a *Mapp* hearing on his claim that certain physical evidence should have been suppressed because it was improperly seized by the police. Accordingly, the hearing should encompass this issue as well. Lawrence, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.