Rick BLAKE, Petitioner,

v.

Arthur LEONARDO, Superintendent, Great Meadow Correctional Facility; Robert Abrams, New York State Attorney General; Denis Dillon, District Attorney, County of Nassau, Respondents.

No. 88 CV 3773.

United States District Court, E.D. New York.

March 30, 1989.

Rick Blake, pro se.

Kenneth Fitzgerald, Asst. Dist. Atty., Nassau County, for respondents.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Petitioner *pro se* seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition is denied.

### FACTS

Petitioner was convicted on March 23, 1984, following a jury trial, of the second degree murder of his wife. Petitioner was sentenced to a twenty-year-to-life term of imprisonment. On February 2, 1987, the Appellate Division, Second Department affirmed the conviction. *People v. Blake*, 127 A.D.2d 602, 511 N.Y.S.2d 401 (2d Dep't 1987). Leave to appeal to the Court of Appeals was denied on May 20, 1987, and again, upon reconsideration, on June 18, 1987.

On February 25, 1985, before his direct appeal was decided, petitioner moved to vacate the judgment of conviction pursuant to N.Y.C.P.L. § 440.10 alleging that the prosecutor knowingly used perjured testimony. The motion was denied on April 29, 1985. Petitioner subsequently made a sec-

ond § 440.10 motion. In this second motion, petitioner claimed that newly discovered evidence existed—specifically, a "supplemental autopsy report" of the victim. Following an investigation and a full evidentiary hearing, the motion was denied on April 3, 1986. The court concluded that the "supplemental autopsy report" was an utter forgery and an "expensive fraud" perpetrated upon the court.

A third § 440.10 motion was later brought alleging (1) fraud on the part of the court; (2) false evidence knowingly presented at trial; and that (3) material evidence was adduced at trial that was procured against petitioner's constitutional rights. Specifically, petitioner alleged that the District Attorney's office, the police department and Judge Edward A. Baker, who presided over the trial and all pre-trial and post-trial hearings, engaged in a massive conspiracy to convict him and that the District Attorney's office "hand picked" Judge Baker to preside over petitioner's case. In support of the motion, petitioner submitted letters and documents purporting to exonerate him. In a lengthy memorandum, Judge Warren Doolittle denied the motion on July 17, 1986, concluding, *inter alia*, that the letters and documents were, again, forgeries.

Petitioner also brought an action against the District Attorney's office pursuant to 42 U.S.C. § 1983, in this District, contemporaneously with his third § 440.10 motion. In support of the action, petitioner submitted the "supplemental autopsy report" and the letters considered by Judge Doolittle. In a memorandum and order dated May 6, 1987 (85 CV 4195), Judge Mark A. Costantino, dismissed the complaint on defendants' motion, also finding that petitioner's proof was manufactured by his own hand.[1]

On June 17, 1987, petitioner filed a petition for a writ of error *coram nobis* in the Second Department alleging ineffective assistance of counsel. The court denied the petition on August 31, 1987. Leave to appeal to the Court of Appeals was denied on October 9, 1987. Petitioner then brought an application in the Second Department pursuant to C.P.L.R. Article 78 for an order declaring the prior orders of that court invalid. Not surprisingly, the motion was denied on February 17, 1988.

A fourth § 440 motion was subsequently brought seeking vacation of the conviction on the ground that it was obtained in violation of *People v. Rosario*, 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E.2d 881, *cert. denied*, 368 U.S. 866, 82 S.Ct. 117, 7 L.Ed. 2d 64 (1961). This motion was denied on April 15, 1988.

Petitioner's fifth § 440.10 motion also alleged a violation of *Rosario* and was filed in connection with another Article 78 application seeking an order granting the fifth § 440.10 motion. These latest motions are *sub judice.*

A review of the files in this District discloses that this is not petitioner's first habeas corpus petition. In 1982, petitioner sought relief pursuant to § 2254. In July 1983, the petition was dismissed for failure to exhaust state remedies. *Blake v. Flood*, No. 82 CV 4184 (E.D.N.Y.). In a petition dated January 27, 1988, petitioner again sought a writ of habeas corpus on the grounds that (1) guilt was not proven beyond a reasonable doubt; (2) the admission of his confession violated his sixth and fourteeth amendment rights; (3) the State violated his rights secured by *Rosario, supra*, and (4) ineffective assistance of appellate counsel. In a memorandum and order dated May 5, 1988, Judge Costantino denied the writ and simultaneously dismissed several actions brought pursuant to 42 U.S. C. § 1983. *Blake v. Leonardo*, No. 88 CV 412, 1988 WL 52207 (E.D.N.Y.). An appeal to the Second Circuit (No. 88–2262) was subsequently dismissed for want of probable cause.[2]

---

1. This action, 85 CV 4195, is by far not the only action petitioner has brought in this court. *See Blake v. Costantino*, 710 F.Supp. 450, 450–51 (E.D.N.Y.1989) (filed simultaneously with this opinion).

2. No argument has been advanced by respondents that the instant petition should be denied pursuant to *Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986),

Petitioner now seeks a writ of habeas corpus pursuant to § 2254 alleging that (1) he was denied due process and equal protection of the law because he was the victim of invidious discrimination;[3] (2) his guilt was not proven beyond a reasonable doubt; (3) he was denied effective assistance of appellate counsel; and (4) the indictment was based on insufficient evidence.

## DISCUSSION

### I. SUFFICIENCY OF THE EVIDENCE AT TRIAL

Petitioner is entitled to habeas corpus relief "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791–92, 61 L.Ed.2d 560 (1979) (footnote omitted). In making this determination, the evidence must be viewed in the light most favorable to the government, construing all permissible inferences in its favor. *Id.; Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Dazzo*, 672 F.2d 284, 288 (2d Cir.), *cert. denied*, 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982).

A thorough review of the trial record reveals that the State proved petitioner's guilt beyond a reasonable doubt.

■ At trial, the State introduced a detailed confession given by petitioner to one Michael Nigro, another inmate. The admission of the confession followed a hearing wherein the trial court concluded that because Nigro was not acting as a government agent, the confession was not obtained in violation of *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). Petitioner testified at trial and denied making the confession to Nigro. Apparently, the jury chose to believe Nigro. In this regard, the Court notes that questions of credibility are not cognizable in federal habeas corpus review.

*See Mallette v. Scully*, 752 F.2d 26, 31 (2d Cir.1984).

■ The State also introduced forensic evidence connecting petitioner to the murder of his wife and evidence establishing a motive—*ie:* that petitioner and his wife were unhappily married and that petitioner was living with another woman within three weeks after his wife's death. The trial court also admitted evidence tending to prove petitioner's consciousness of guilt. For example, evidence was received establishing that petitioner (1) feigned a suicide by leaving a suicide note at the top of the George Washington Bridge in an attempt to throw the police off his trail; (2) changed his appearance and his name; (3) moved three times within the seven weeks following his wife's death; and (4) said to police officers upon his arrest "Thank God it's over."

Viewed in the light most favorable to the State, the Court concludes that petitioner's guilt was established beyond a reasonable doubt.

### II. INEFFECTIVE ASSISTANCE OF COUNSEL

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) sets forth a two-part test for determining whether counsel was constitutionally ineffective.

> To sustain a claim of defective assistance, a convicted defendant must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness ... and (2) a reasonable probability of a different result in the proceeding but for the errors of counsel.

*Mills v. Scully*, 826 F.2d 1192, 1197 (2d Cir.1987) (citing *Strickland, supra,* 466 U.S. at 688, 694, 104 S.Ct. at 2065, 2068). This standard applies to claims of ineffective assistance rendered by trial counsel or appellate counsel. *See Gulliver v. Dalsheim*, 739 F.2d 104, 107 (2d Cir.1984).

because it is successive and no colorable claim of innocence has been shown.

3. This vague and conclusory ground will not be considered by the Court inasmuch as no facts whatsoever are alleged that would support it.

■ On appeal, petitioner's counsel challenged the admissibility of (1) evidence seized from petitioner's apartment; (2) fiber analysis evidence; and (3) petitioner's statement to the police officers at the time of his arrest. Appellate counsel also sought a reversal of the conviction on the grounds that the trial court's determination that Michael Nigro was not a government agent was erroneous and that the evidence was insufficient to establish guilt beyond a reasonable doubt.

Petitioner has failed to identify what arguments should have been presented to the Appellate Division. Based on a comparison of the appellate brief and the arguments presented in the instant petition, however, the Court must conclude that petitioner takes issue with appellate counsel's failure to raise alleged violations of the rule established in *People v. Rosario, supra,* and the alleged lack of notice that his confession to Nigro would be introduced at trial. A review of these alleged errors reveals that they lack merit and thus cannot form the basis for a claim of ineffective assistance of appellate counsel.

Petitioner avers that the State violated the *Rosario* rule by failing to timely disclose Nigro's criminal history and by destroying the original notes taken by one of the detectives. The record establishes that Nigro's "rap sheet" was provided to trial counsel at the *Massiah* hearing—well in advance of trial. The destruction of the detective's notes violates neither *Rosario* nor the constitution because the original notes were not destroyed until after an official report was prepared by the detective. *See People v. Haupt,* 71 N.Y.2d 929, 528 N.Y.S.2d 808, 524 N.E.2d 129 (1988); *U.S. v. Roemer,* 703 F.2d 805 (5th Cir.) (construing federal law), *cert. denied,* 464 U.S. 935, 104 S.Ct. 341, 78 L.Ed.2d 309 (1983); *United States v. Crowell,* 586 F.2d 1020 (4th Cir.1978) (same), *cert. denied,* 440 U.S. 959, 99 S.Ct. 1500, 59 L.Ed.2d 772 (1979); *United States v. Indian Boy X,* 565 F.2d 585 (9th Cir.1977) (same), *cert. denied,* 439 U.S. 841, 99 S.Ct. 131, 58 L.Ed. 2d 139 (1978). There is no dispute that defense counsel was provided with the official report. Nor does the State's failure to provide petitioner with notice regarding Nigro's statement constitute error because Nigro was not a State agent. *See* N.Y.C. P.L. § 710.30; *People v. Rodriguez,* 114 A.D.2d 525, 494 N.Y.S.2d 426 (2d Dep't 1985). In sum, petitioner has failed to demonstrate that appellate counsel committed errors—much less that these errors rendered petitioner's assistance of counsel constitutionally inadequate.

Even if these claims had merit, petitioner's ineffective assistance of counsel claim would nevertheless fail. The appellate brief submitted on petitioner's behalf is well within an objective standard of reasonableness. "[M]ere failure to argue a colorable claim is not ineffective advocacy on appeal." *Gulliver, supra,* 739 F.2d at 107; *see Jones v. Barnes,* 463 U.S. 745, 754, 103 S.Ct. 3308, 3314, 77 L.Ed.2d 987 (1983). Accordingly, relief grounded upon petitioner's allegation of ineffective assistance must fail.

### III. SUFFICIENCY OF THE EVIDENCE PRESENTED TO THE GRAND JURY

■ Petitioner alleges that his "right to equal protection" under the law was violated because the evidence presented to the grand jury was insufficient to support the indictment handed up against him.

Before trial, petitioner moved to dismiss the indictment on the same ground. Judge Baker reviewed the minutes and denied the motion. On appeal, petitioner raised this issue in his *pro se* supplemental brief to the Second Department. Although there is a question whether petitioner properly presented the issue in federal constitutional terms so as to satisfy the exhaustion requirement, the Court is satisfied that the claim, even if exhausted, is not cognizable in federal habeas corpus. *See Lopez v. Riley,* 865 F.2d 30 (2d Cir.1989).

Relying on the Supreme Court's reasoning in *United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986), the *Lopez* court concluded: "[i]f federal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit

jury, similar claims concerning a state grand jury are *a fortiori* foreclosed in a collateral attack brought in a federal court." *Id.* at 32. Thus, any alleged deficiency in the evidence presented to the grand jury was cured by the petit jury's verdict convicting petitioner of second degree murder.

### CONCLUSION

The petition for a writ of habeas corpus must be and hereby is denied.

SO ORDERED.