**Rick BLAKE, Plaintiff,**

v.

**Mark A. COSTANTINO and Douglas Noll, Defendants.**

**No. 88 CV 1998.**

United States District Court,
E.D. New York.

March 30, 1989.

Rick Blake, pro se.

David M. Nocenti, Asst. U.S. Atty., E.D. N.Y., for Costantino.

Todd J. Manister and Edward T. O'Brien, County Attys., Nassau County, for Noll.

### MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendant, the Honorable Mark A. Costantino, United States District Judge for the Eastern District of New York, moves pursuant to Fed.R.Civ.P. 12(b)(6) and 12(c) to dismiss the Complaint on the ground that he is entitled to absolute immunity. Defendant Douglas Noll, Assistant District Attorney for Nassau County, moves pursuant to Rule 12(b)(6) and Fed.R.Civ.P. 56 for an order dismissing the Complaint on the ground that he is entitled to prosecutorial immunity.

Plaintiff, no stranger to this courthouse, *see Blake v. Walford, et al.,* No. CV 82–3434 (E.D.N.Y.) (42 U.S.C. § 1983); *Blake v. Flood, et al.,* No. CV 82–4184 (E.D.N.Y.) (28 U.S.C. § 2254), *appeal dismissed,* No. 83–2230 (2d Cir. Aug. 8, 1983); *Blake v. Walford, et al.,* No. CV 82–4274 (E.D.N.Y.) (42 U.S.C. § 1983); *Blake v. Baker, et al.,* No. CV 83–2460 (E.D.N.Y.) (18 U.S.C. §§ 241, 242); *Blake v. McCarty, et ano.,* No. CV 83–2614 (E.D.N.Y.) (42 U.S.C. § 1983); *Blake v. Varelas, et al.,* No. CV 83–4237 (E.D.N.Y.) (same); *Blake v. Samowitz,* No. CV 84–3762 (E.D.N.Y.) (same); *Blake v. Bacquie, et ano.,* No. 85 CV–1773 (E.D.N.Y.) (same); *Blake v. Dillon, et al.,* No. CV 85–4195 (E.D.N.Y.) (same), *appeal dismissed,* No. 87–2226 (2d Cir. June 19, 1987); *Blake v. Baker,* No. CV 86–1023 (E.D.N.Y.) (same), *aff'd,* No. 87–2018 (2d Cir. May 20, 1987); *Blake v. McCarthy,* No. CV 87–0745 (E.D.N.Y.) (same); *Blake v. Leonardo,* No. CV 88–0412 (E.D.N.Y.) (28 U.S.C. § 2254), *appeal dismissed,* No.

88–2262 (2d Cir. Feb. 14, 1989); *Blake v. Leonardo,* CV 88–3773 (E.D.N.Y.) (28 U.S. C. § 2254),[1] brings this action *pro se* against Judge Costantino and A.D.A. Noll, alleging—from what the Court can discern from plaintiff's obscure papers—that defendants conspired to "interfere with [plaintiff's] federal court proceedings" thereby obstructing justice and denying plaintiff of his constitutional right to equal protection under the law. The basis for this allegation, while unstated in the Complaint, is that Judge Costantino "deliberately ignored State court findings and conclusions ... [to] tailor[ ] [his judicial decisions on plaintiff's actions] at the behest" of Nassau County District Attorney Denis Dillon. Plaintiff's Affirmation in Opposition at 2–3.

Plaintiff does not seek money damages, rather he prays for "equitable or other relief providing for protection of civil rights (28 U.S.C. § 1334(4))" and seeks a trial by a three-judge panel or a jury.

Defendants move to dismiss the Complaint on the ground that they are entitled to immunity.

## DISCUSSION

### I. JUDGE COSTANTINO

In *Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), the Supreme Court held that judicial immunity does not bar prospective injunctive relief against a judicial officer. *See id.* at 541, 104 S.Ct. at 1980. Plaintiffs in *Pulliam* brought an action pursuant to 42 U.S.C. § 1983 challenging as unconstitutional a Virginia pretrial detention statute and a state magistrate's policy of imposing bail for nonincarcerable offenders. *See id.* at 526 & n. 2, 104 S.Ct.at 1972–73 & n. 2 Plaintiff here relies exclusively on the teachings of *Pulliam* arguing that because he does not seek monetary damages, his Complaint must survive this motion. I disagree.

At the outset the Court notes that the vagueness of the Complaint alone warrants its dismissal. Plaintiff has also submitted copies of correspondence between the defendants that purport to evince the alleged conspiracy. The Court notes that although the letters appear to be of suspicious origin, and that this would not be the first time that plaintiff has perpetrated a fraud upon a court, *see Blake v. Leonardo,* 710 F.Supp. 446, 446–47 (E.D.N.Y.1989), the Court need not reach the question of genuineness, or the merits of this claim, because defendants are entitled to immunity.

Unlike the prospective injunction relief sought in *Pulliam,* plaintiff seeks a three-judge or jury trial to challenge "[i]nterference with federal court proceedings ... directly [sic] and indirect infringement of equal protection rights," Affirmation in Opposition at 2, and to "expose the acts of conspiracies [sic]." *Id.* at 6.

Clearly, plaintiff does not seek prospective relief. Rather, he seeks to vindicate the dismissal of a prior action brought before and dismissed by Judge Costantino. Absolute immunity does in fact bar this collateral action against Judge Costantino. Had plaintiff seriously felt wronged by Judge Costantino's decision, an appeal to the Second Circuit should have been taken and perfected. *See Snyder v. United States,* No. 88–243–T, 1989 WL 53794 (D.Mass. May 11, 1988) ("This court will not circumvent [the appellate process] by allowing plaintiff to attack the Bankruptcy Court's Ruling collaterally, in a civil suit. Plaintiff has shown no reason why she could not have taken a timely appeal.").

### II. A.D.A. NOLL

Absolute immunity forecloses all actions against prosecutors for damages arising out of acts "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430–31, 96 S.Ct. 984, 994–96, 47 L.Ed.2d 128 (1976).

---

1. Plaintiff is an inmate at the Great Meadow Correctional Facility, serving a sentence of twenty years to life for the murder of his wife. *People v. Blake,* Indictment No. 55346 (Nassau County 1984). These *pro se* actions sought either a writ of habeas corpus or money damages against people involved in his conviction and subsequent imprisonment.

This immunity protects the prosecutor from suits challenging his actions during the conduct of a litigation. *Lee v. Willins*, 617 F.2d 320, 322 (2d Cir.), *cert. denied*, 449 U.S. 861, 101 S.Ct. 165, 66 L.Ed.2d 78 (1980). The alleged actions by A.D.A. Noll —that he improperly influenced Judge Costantino in the actions brought by plaintiff— sound in prosecutorial misconduct and are within the absolute immunity doctrine. *See id.*

## CONCLUSION

Defendants' motions to dismiss the Complaint are hereby granted. The Complaint is hereby dismissed with prejudice.

SO ORDERED.