■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered April 11, 1986, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress the complainant's in-court identification of the defendant.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's convictions beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's further contention, he was not entitled to notice pursuant to CPL 710.30 with respect to statements allegedly made by him to the complainant "since the [complainant] was a civilian and was neither a public servant nor acting as an agent of law enforcement authorities" *(People v Rodriguez,* 114 AD2d 525, 526; *see, People v Mirenda,* 23 NY2d 439, 448). In any event, the prosecutor was precluded by the trial court from questioning the complainant concerning the defendant's statements. Moreover, the defendant's claim, raised for the first time on appeal, that the prosecutor failed to turn over his notes concerning his inter-

view with the complainant about the defendant's statements, in violation of *People v Rosario* (9 NY2d 286), is based upon matters dehors the record, and cannot be considered on this appeal.

In addition, we find no basis to disturb the hearing court's determination that the complainant's in-court identification of the defendant was based upon his independent observation of the defendant during the robbery and not on a suggestive police station viewing of the defendant.

The defendant's other contentions are either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Mangano, P. J., Bracken, Lawrence and Kooper, JJ., concur.