■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE SAMUELS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered August 18, 1987, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (O'Shaughnessy, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of grand larceny in the third degree to one of petit larceny, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

The defendant, on appeal, challenges the summary denial of that branch of his omnibus motion which was to suppress prospective identification testimony. The record, however, establishes that the complainant's employer and another bystander, both civilians, apprehended the defendant immediately after the commission of the crime and brought him back to the scene whereupon he was identified. Since the "showup" was not a police arranged confrontation for purposes of estab-

lishing the identity of the criminal actor *(see, People v Gissendanner,* 48 NY2d 543, 552), the County Court correctly ruled that there was no need to conduct an identification hearing *(see, People v Medina,* 111 AD2d 190; *People v Dukes,* 97 AD2d 445; *Matter of Leo T.,* 87 AD2d 297).

Nor is there merit to the defendant's contention that the trial court erred in denying his motion to suppress statements made to the individuals who had apprehended him. It is well settled that if a confession is obtained without the knowledge or participation of law enforcement officials, it is fully admissible at trial *(see, People v Mirenda,* 23 NY2d 439; *People v Grune,* 139 AD2d 763; *People v Jones,* 61 AD2d 264, *affd* 47 NY2d 528). Moreover, it is not incumbent upon a court to conduct a hearing when an admission to a private person is in dispute *(see, People v Velasquez,* 68 NY2d 533; *People v Ray,* 65 NY2d 282; *People v Rodriguez,* 114 AD2d 525). While a hearing may be necessary where a question regarding the voluntariness of the statement arises *(see, People v Mirenda, supra),* we find no basis in the record to support the defendant's contention that his statements were involuntary *(see, People v Basir,* 141 AD2d 745).

We do, however, find merit to the defendant's claim that the 1986 amendment to Penal Law § 155.30 (1), which increased the minimum value of the property stolen required for the crime of grand larceny in the third degree (L 1986, ch 515), should have been applied to him since he was sentenced after the effective date of the amendment *(see, People v Behlog,* 74 NY2d 237, 240; *People v Ortega,* 158 AD2d 624; *People v Pierre,* 157 AD2d 750). Accordingly, the judgment is modified by reducing the defendant's conviction of grand larceny in the third degree to one of petit larceny. In view of the fact that the defendant has already served the maximum sentence permitted for petit larceny, there is no need to remit the matter for resentencing. Thompson, J. P., Brown, Eiber and Miller, JJ., concur.