■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PAREDES, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Quinones, J.), both rendered October 17, 1988, convicting him of sodomy in the second degree, sodomy in the third degree (three counts), sexual abuse in the second degree (four counts), sexual abuse in the third degree (three counts) and endangering the welfare of a child (three counts) under indictment number 4443/87,

and tampering with a witness in the fourth degree under indictment number 8687/87, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the prosecutor's failure to inform the defense counsel of the People's intent to refer to the defendant's admission to his wife and his prior vicious act in kicking her across the bedroom did not deprive him of a fair trial. A defendant is not entitled to notice with respect to statements made to a prosecution witness where that witness was a civilian and was neither a public servant nor acting as an agent of law enforcement authorities (CPL 710.30 [1]; *People v Grune,* 139 AD2d 763; *People v Hall,* 133 AD2d 845; *People v Rodriguez,* 114 AD2d 525). With respect to the prior vicious act, the defendant failed to preserve the claim for appellate review (CPL 470.05 [2]).

The mere fact that the defense counsel did not engage in available pretrial procedures does not, in itself, indicate that the attorney was ineffective *(People v Gonzalez,* 161 AD2d 798; *People v Elliott,* 124 AD2d 673). The circumstances of this case, viewed in totality and as of the time of the defendant's representation, reveal that the defendant received meaningful representation *(see, People v Rivera,* 71 NY2d 705; *People v Satterfield,* 66 NY2d 796, 799; *People v Baldi,* 54 NY2d 137, 147; *People v Sullivan,* 153 AD2d 223, 229). Brown, J. P., Kunzeman, Eiber and Balletta, JJ., concur.