■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RADFORD SIMMONS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered July 8, 1987, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the contention of the defendant, the trial court did not err in permitting the complainant to testify as to statements made by the defendant to her some time after the crime. "Statements made by a defendant to individuals who are not law enforcement personnel need not be disclosed prior

to a trial *(see, People v Mirenda,* 23 NY2d 439; *People v Rodriguez,* 114 AD2d 525)" *(People v Hall,* 133 AD2d 845, 846). Such statements are not discoverable by demand (CPL 240.20 [1] [a]), or by motion (CPL 240.40 [1]). Hence, there is no continuing duty to disclose such statements pursuant to CPL 240.60 if the prosecutor becomes aware of them during trial. However, as we held in *People v Hall (supra),* when, as here, the People, by voluntary disclosure and in response to the defendant's demand for discovery indicated that they did not intend to offer any such statements, fair play requires prompt disclosure to the defendant of the People's intent to offer the statements at the trial. In this case, the prosecutor informed the court and defense counsel during voir dire that she had just learned of the statements made by the defendant to the complainant. Such disclosure clearly complied with the fair play requirement of *People v Hall (supra).*

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]). Brown, J. P., Sullivan, Lawrence and Ritter, JJ., concur.