■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRINCE BINGHAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthews, J.), rendered March 13, 1984, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. By decision and order dated November 28, 1988, this court remitted the matter to the Supreme Court, Kings County, to hear and report on those branches of the defendant's supplemental omnibus motion which were to suppress certain physical evidence and certain statements made by him, and the appeal was held in abeyance in the interim (see, People v Bingham, 144 AD2d 682). The Supreme Court, Kings County (Meyerson, J.), has conducted a hearing and submitted its report to this court.

Ordered that the judgment is affirmed.

On the afternoon of September 9, 1982, Police Officer Eugene O'Donnell was driving his patrol car in Brooklyn when he noticed a crowd gathered at a bus stop near the intersection of Synder and Nostrand Avenues. Upon closer observation, the officer saw the defendant strike his companion Wanda Sullivan. The officer exited from his patrol car to offer her assistance. When Officer O'Donnell approached Sullivan, she told him that the defendant had struck and beaten her, and that he was a drug dealer. Sullivan further informed the officer that the defendant had drugs in a jacket hanging in the back of an automobile which was parked in the nearby bus stop. Accompanied by Sullivan, the officer walked over to the automobile, and observed a leather jacket which was visible from outside of the car. He then proceeded to open one of the unlocked rear doors of the vehicle, and reached inside the jacket. From an inside jacket pocket, the officer recovered 19 tin foil packets, which were subsequently determined to contain cocaine.

On remittitur, the defendant contends that the Supreme Court erred in denying suppression of the cocaine recovered from his jacket because Officer O'Donnell lacked probable cause to arrest him and search the automobile. We disagree. As a general rule, information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to

arrest *(see, People v Blunt,* 162 AD2d 544; *People v Bero,* 139 AD2d 581; *People v Phillips,* 120 AD2d 621; *see also, People v Hicks,* 38 NY2d 90, 94), and a police officer may act upon such a report *(see, People v Hicks, supra; People v Ward,* 95 AD2d 233). The record reveals that the defendant's companion Wanda Sullivan informed Officer O'Donnell that the defendant had drugs in a jacket hanging in the back of a nearby automobile. Further, the officer's observation of such a jacket in the vehicle confirmed Sullivan's statement *(see, People v Hairston,* 144 AD2d 383). Under these circumstances, Sullivan's statement that there were drugs in the defendant's jacket provided the officer with probable cause to conduct a reasonable search for the narcotics *(see, People v Hairston, supra; People v Ward, supra).* Moreover, in view of the circumstances, the search of the defendant's jacket was justified by exigent circumstances *(cf., People v Gokey,* 60 NY2d 309; *People v Smith,* 59 NY2d 454). It would have been unreasonable for Officer O'Donnell, who was then alone and unable to use a radio to call for assistance, to have left the scene with the defendant, leaving on the street an unlocked car allegedly containing narcotics, which fact was known to the crowd that had gathered on the street.

In addition, the hearing court properly found that the defendant's statements were admissible. The defendant's comment to Sullivan, which was overheard by Officer O'Donnell as he removed the cocaine foil packets from the defendant's jacket, was clearly a spontaneous declaration which was not the product of interrogation or its functional equivalent *(see, People v Cardona,* 41 NY2d 333; *People v Robertson,* 149 AD2d 442). Further, the record establishes that the defendant was properly and completely advised of his *Miranda* rights before he admitted that the recovered foil packets contained cocaine, and that this statement was not coerced or involuntarily made.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Kunzeman, J. P., Sullivan, Lawrence and Balletta, JJ., concur.