THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO MALLIA, Appellant

We reject defendants' further contention that the eavesdropping recordings were not timely sealed (see, People v Vespucci, 75 NY2d 434, cert denied sub nom. Corrigan v New York, — US —, 111 S Ct 52; People v Ronning, 137 AD2d 43, lv denied 72 NY2d 866).

We also reject defendants' contention that the wiretaps should have been terminated as soon as the police secured sufficient information to apply for a search warrant. As long as a warrant has not expired, the police are not obligated to dismantle eavesdropping equipment upon receipt of any particular information indicating criminal activity (see, CPL 700.35 [2]). Contrary to defendants' further contention, the application for the wiretap warrant demonstrates an expectancy of overhearing conversations concerning illegal drug activity.

Finally, defendant Frank Mallia's Sixth Amendment right to counsel was not violated when the police offered into

evidence an admission allegedly made by him in the presence of his counsel. Counsel was not precluded from taking the witness stand to testify that the admission was not made. The prosecutor was not required to provide defendants with a notice pursuant to CPL 710.30 prior to trial *(see, People v Samuels,* 162 AD2d 559). At the beginning of trial, the prosecutor informed defense counsel of his intent to offer the statement. At that time, defense counsel had the opportunity to object to the introduction of the evidence or, anticipating that he might have to take the stand to rebut the evidence, he could have moved for an adjournment or for a mistrial to permit new counsel to be retained *(see, United States v Kwang Fu Peng,* 602 F Supp 298, *affd* 766 F2d 82). Because defense counsel for defendant Frank Mallia made no such motions, and because he did not object to the receipt in evidence of the admission, defendant Frank Mallia may not now assert that the prosecutor violated his right to counsel. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Possession Controlled Substance, 1st Degree.) Present— Denman, P. J., Callahan, Boomer, Lawton and Davis, JJ.