■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN JAMES, Appellant. [640 NYS2d 773] —Appeal by the defendant, by permission, from an order of the County Court, Nas-

sau County (DeRiggi, J.), dated April 11, 1994, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered February 2, 1982, convicting him of murder in the second degree and assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The defendant contends that he is entitled to vacatur of his convictions on the grounds that (1) the People failed to provide him with *Rosario* material prior to a suppression hearing, and (2) at trial, the People knowingly used perjured testimony regarding the existence of an alleged cooperation agreement between a witness and the People and the status of that witness's criminal background. With regard to the alleged *Rosario* violation, although this issue was discussed by the parties on the record prior to the trial, the defendant failed to raise the issue on his direct appeal (*see, People v Rodriguez,* 114 AD2d 525). Thus, this branch of his motion was properly denied (*see, People v Cooks,* 67 NY2d 100; *People v Skinner,* 154 AD2d 216; CPL 440.10 [2] [c]).

The court correctly determined that the prosecutor did not knowingly introduce perjured testimony at the trial, since the prosecutor merely asked the witness about the nature of the charges pending against her, and her answer amounted to nothing more than a layperson's description of those charges. In any event, whether the witness was charged with the sale of a controlled substance or use and possession was not material to the jury's determination of whether the defendant murdered one person and assaulted another (*see,* CPL 440.10 [1] [c]). Further, there is no evidence that any agreement existed between the District Attorney's office and the witness prior to her testimony, and consequently, it was not an improvident exercise of discretion for the County Court to deny the motion to vacate the judgment without a hearing (*see, People v Friedgood,* 58 NY2d 467, 471-472). Rosenblatt, J. P., Miller, O'Brien and McGinity, JJ., concur.