■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DREAD, Appellant. [666 NYS2d 81] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in denying his suppression motion based upon an impermissibly suggestive photo array. We disagree. The photo array contains photographs of men with similar physical features (*see, People v Burns*, 186 AD2d 1015, 1016, *lv denied* 81 NY2d 837; *see also, People v Gray*, 186 AD2d 1058, *lv denied* 81 NY2d 840). Moreover, there is no "characteristic of one picture [that] draws the viewer's attention to that picture, indicating that the police [were urging] a particular selection" (*People v Emmons*, 123 AD2d 475, 476, *lv denied* 69 NY2d 827; *see, People v Rogers* [appeal No. 1], 245 AD2d 1041 [decided herewith]).

We reject defendant's contention that the comment, "Oh, yeah, that's him", by the victim's boyfriend after the victim had viewed the photo array and identified defendant improperly tainted the victim's subsequent lineup identification of defendant (*see generally, People v Rodriguez*, 64 NY2d 738; *People v Simmonds*, 182 AD2d 650, *lv denied* 80 NY2d 910). We note that the victim knew defendant and that the victim's boyfriend was not present during the rape. In any event, the lineup identification of defendant by the victim two months after she identified him in the photo array was sufficiently attenuated in time to nullify any possible taint (*see, People v Smith*, 140 AD2d 647, *lv denied* 72 NY2d 961; *see also, People v Lee*, 207 AD2d 953, 954, *lv denied* 85 NY2d 864; *People v Thomas*, 161 AD2d 543, *lv denied* 76 NY2d 866).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Rape, 1st Degree.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.