■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LOUIS ASTUTO, Respondent. [694 NYS2d 407] —Appeal by the People from an order of the Supreme Court, Kings County (Hall, J.), dated July 24, 1998, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the order is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress identification testimony is denied, and the matter is

remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

During the police investigation of the fatal shooting of Michael Rubin, the defendant was arrested and photographed. The People concede that the arrest of the defendant was improper, and that the photographs of the defendant should not have been included in a photographic array shown to the eyewitness to the shooting and two other witnesses. However, we agree with the People that the Supreme Court should not have suppressed the identification testimony of the eyewitness and the two other witnesses. The evidence at the pretrial hearing established that the eyewitness knew the defendant by a nickname, had sold controlled substances to the defendant on at least two occasions, had staged a prank against the defendant, and identified the defendant as the perpetrator to one of two other witnesses prior to identifying him to the police. The two other witnesses had seen the defendant many times in the neighborhood, and one of those witnesses confirmed that the eyewitness pointed the defendant out to him as the perpetrator before either of them spoke to the police. Since the defendant was known to these witnesses prior to any police contact, there was no identification within the meaning of CPL 710.30 (*see, People v Tas,* 51 NY2d 915; *People v Thorpe,* 223 AD2d 739; *People v Small,* 201 AD2d 315; *People v Archie,* 200 AD2d 676). Since there was no identification within the meaning of CPL 710.30, the question of whether the witnesses had an independent source for their identification was irrelevant. In any case, the defendant does not contend that the photographic identification procedure was suggestive.

As stated by the United States Supreme Court in *United States v Crews* (445 US 463, 474), "[The defendant] is not himself a suppressible 'fruit' and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct". The witnesses knew the defendant. Therefore, it cannot be said that the defendant's illegal arrest in any way tainted their ability to give accurate identification testimony (*see, United States v Crews, supra*; *People v Dread,* 245 AD2d 1076; *People v Stevens,* 109 AD2d 856). Bracken, J. P., Goldstein, McGinity and Schmidt, JJ., concur.