People v Humphrey (2023 NY Slip Op 51380(U))

[*1]

People v Humphrey (Thomas)

2023 NY Slip Op 51380(U)

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY S. DRISCOLL, JJ

2021-308 S CR, 2022-49 S CR

The People of the State of New York, Respondent,
against
Thomas F. Humphrey, Appellant. 

Timothy P. Devane, for appellant.
Suffolk County District Attorney (Kathleen Becker Langlan, Marion Tang and Glenn Green of counsel), for respondent.

Appeals from a judgment of the District Court of Suffolk County, First District (James W. Malone, J., at trial; Karen Kerr, J., at sentencing), rendered April 28, 2021, as amended May 12, 2021, and, by permission, from an order of that court (Karen Kerr, J.) dated December 14, 2021. The judgment, as amended, convicted defendant, upon a jury verdict, of forcible touching, and imposed sentence. The order denied, without a hearing, defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

ORDERED that, on the court's own motion, the appeals are consolidated for purposes of disposition; and it is further,
ORDERED that the judgment of conviction, as amended, and order are affirmed.
Defendant appeals from a judgment of the District Court rendered April 28, 2021, as amended May 12, 2021 (James W. Malone, J., at trial; Karen Kerr, J., at sentencing), after a jury trial, convicting him of forcible touching (Penal Law § 130.50 [1]). Defendant thereafter moved pursuant to CPL 440.10 to vacate the judgment of conviction, arguing that he received the ineffective assistance counsel, that his counsel had conflicts of interest, and that defendant was actually innocent. Defendant appeals, by permission, from an order of that court (Karen Kerr, J.) dated December 14, 2021 denying his motion without a hearing.
With respect to the judgment of conviction, defendant failed to preserve his claim that the Covid-19 mask requirement prevented the jury from observing the full facial expressions of the testifying witnesses, as he did not raise the issue at trial (see CPL 470.05 [2]; see also People v Cesar, 131 AD3d 223, 227 [2015]), and we decline to review the issue in the interest of justice.
Defendant's contention that a detective's reference in his testimony to a prompt outcry witness violated the District Court's Molineux ruling (People v Molineux, 168 NY 264 [1901]) is [*2]unpreserved because defense counsel failed to object to the admission of that testimony (see CPL 470.05 [2]; People v Berry, 74 Misc 3d 128[A], 2022 NY Slip Op 50064[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). In any event, defendant's contention lacks merit. That ruling prohibited any reference to defendant's prior bad acts during the People's case in chief; it did not prohibit any references to, or testimony by, a prompt outcry witness. Therefore, the detective's testimony did not violate the court's Molineux ruling (see People v Gomez, 138 AD3d 1017, 1018 [2016]).
With respect to defendant's motion to vacate the judgment of conviction, we find that the motion was properly denied (see People v Brown, 33 NY3d 983, 987 [2019]; People v Mebuin, 158 AD3d 121 [2017]; People v James, 226 AD2d 393, 394 [1996]). In addition to the two claims of trial counsel's alleged conflicts of interest raised in defendant's CPL 440 motion, defendant raises a third in his brief which is not appropriately before us, and we decline to review it. In both of the claims before us, defendant failed to meet his "heavy burden to show that a potential conflict actually operated on the defense" (Brown, 33 NY3d at 987 [internal quotation mark omitted]; see People v Sanchez, 21 NY3d 216, 222-224 [2013]; People v Ingram, 142 AD3d 676, 677 [2016]).
Similarly, defendant's motion failed to make a prima facie showing of actual innocence sufficient to warrant a hearing (see People v Griffin, 120 AD3d 1257, 1257-1258 [2014]; cf. People v Hamilton, 115 AD3d 12, 26-27 2014]). 
Viewing the record in its entirety, we are satisfied that defendant received meaningful representation and the effective assistance of counsel under the federal and state standards (see Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708, 713 [1998]; People v Lucas, 215 AD3d 763, 764 [2023]). The court correctly rejected defendant's claim that trial counsel was ineffective for failing to raise a Batson challenge (see Batson v Kentucky, 476 US 79 [1986]) because defendant failed to show that a motion by trial counsel would have been successful (see People v Carmichael, 118 AD3d 603 [2014]). Likewise, the court correctly rejected defendant's claim that counsel was ineffective for failing to request a hearing pursuant to Dunaway v New York (422 US 1053 [1975]), as there was no suppressible evidence (see People v Rivera, 71 NY2d 705, 709 [1988]; see also People v Caban, 5 NY3d 143, 152 [2005]), and because an "illegal arrest, without more, has never been envisioned as a bar to prosecution or as a defense to a valid conviction" (People v Young, 55 NY2d 419, 426 [1982], citing United States v Crews, 445 US 463, 474 [1980]; People v Astuto, 263 AD2d 459, 460 [1999]). Finally, "defense counsel delivered coherent opening and closing statements consistent with the defense theory, and effectively cross-examined the prosecution's witnesses in accordance with that theory," thereby providing meaningful representation (People v Colon, 61 AD3d 772, 773 [2009]; see People v Satterfield, 66 NY2d 796, 799-800 [1985]). 
We have considered defendant's remaining contentions and find them to be without merit.
Accordingly, the judgment of conviction, as amended, and the order are affirmed.
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 7, 2023