■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE PATTERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered June 11, 1982, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

In light of all of the testimony adduced at the trial, there was insufficient evidence of intoxication which would lead a reasonable person to doubt that the defendant had the requisite intent to commit the crimes of which he had been accused *(cf. People v Perry,* 61 NY2d 849). Thus, the trial court properly denied the defendant's request for a jury charge on that issue.

Since the defendant never raised an objection to the court's expressed intention not to marshal the evidence, the alleged error has not been preserved for appellate review as a matter of law *(see, People v McCright,* 107 AD2d 766). Even if defense counsel's subsequent exception to the court's ruling on his request to give a circumstantial evidence charge could be interpreted as referring also to the trial court's decision not to marshal the evidence, there would be no basis for a reversal and a new trial, since the trial was relatively short and the jury was adequately apprised of the defendant's position *(see, People v Little,* 98 AD2d 752, *affd* 62 NY2d 1020).

The isolated comment during the prosecutor's summation, in which he arguably vouched for the credibility of the People's witnesses, did not taint the entire trial. As to the other allegedly objectionable comments, since no objection was made to them, any errors with respect thereto have not been preserved for our review *(see,* CPL 470.05 [2]; *People v Thompson,* 97 AD2d 554). In any event, the remarks concerning the reluctance of one of the witnesses to testify were reasonably inferable from the evidence adduced at the trial. Mangano, J. P., Gibbons, Niehoff and Spatt, JJ., concur.