■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN SMALL, Appellant. [607 NYS2d 291] —Judgment, Supreme Court, New York County (Renee A. White, J.), rendered July 7, 1992, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 20 years to life, 5 to 15 years, and 2⅓ to 7 years, respectively, unanimously affirmed.

Viewing the evidence in the light most favorable to the People, and bearing in mind that credibility is for the trier of fact *(People v Contes,* 60 NY2d 620, 621), we find that the verdict was based on legally sufficient evidence, and was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490).

Defendant's motion to suppress identification testimony was properly denied, without a hearing, because the People established a mutual relationship *(People v Rodriguez,* 79 NY2d 445, 449-450, 453) between the witness and defendant, to wit, that the witness was defendant's drug customer, and saw defendant three or four times a day for more than one year prior to the incident, and furnished the police with defendant's nickname, prior to the "confirmatory" photo identification.

The court gave a suitable curative instruction, and properly denied a mistrial, when the witness inadvertently violated the court's ruling that defendant's drug dealing not be mentioned *(People v Young,* 48 NY2d 995). Likewise, the court properly denied defendant's motion to set aside the verdict, made on similar grounds, and properly rejected defendant's attempt to use a juror's affidavit to impeach the verdict as to the "tenor of its deliberations" *(People v Brown,* 48 NY2d 388, 393).

Defendant was not entitled to a missing witness charge with respect to a witness for the People whose testimony would have been hearsay *(see, People v McDaniel,* 81 NY2d 10, 18-20).

Finally, defendant's motion to dismiss for unconstitutional pre-arrest delay was properly denied, after a hearing, in which the court found neither bad faith by the police nor prejudice to defendant *(People v Taranovich,* 37 NY2d 442, 445). Concur —Sullivan, J. P., Rosenberger, Kupferman and Ross, JJ.