■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMERY WEST, Appellant. [654 NYS2d 390] —Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered March 15, 1995, convicting him of robbery in the first degree (two counts), and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

After the defendant was taken into custody, he asked the detective why he was being arrested. When the detective replied, "I think you know", the defendant said, "You know, for the robbery with the two other guys?" After the detective answered, "Yeah", the defendant replied "I really * * * up this time", and again, the detective said, "Yeah". The defendant contends that since the police detective's response to his initial question was designed to elicit information, the court should have suppressed his statements as the product of an improper interrogation. However, the police detective did not initially prompt the defendant to ask why he was being arrested. Furthermore, since the police detective's statement was made in response to a question by the defendant, it would be unreasonable to suggest that he expected a reply from the defendant (*see, People v Lynes*, 49 NY2d 286, 294). Accordingly, the detective's response need not have been viewed as one designed to elicit some further reply by the defendant (*see, People v Lynes, supra*).

The responses of the prosecutor to the Grand Juror's questions and the manner in which the evidence was presented to the Grand Jury did not impair the integrity of the Grand Jury proceedings (*see*, CPL 210.35; *People v Van Dyke*, 214 AD2d 468; *People v Gerevasi*, 213 AD2d 420, 421; *People v Skye*, 167 AD2d 892).

The defendant's remaining contentions are without merit. O'Brien, J. P., Thompson, Joy and Florio, JJ., concur.