■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUAISON GORDON, Appellant. [685 NYS2d 28] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered December 5, 1995, convicting defendant, after a jury trial, of two counts of assault in the first degree, and sentencing him to consecutive terms of 2⅓ to 7 years, unanimously affirmed.

The court's instruction that "serious physical injury in this case must be that kind of physical injury which created a substantial risk of death", to which the People did not object, required the jury to find beyond a reasonable doubt that defendant caused each complainant a physical injury creating a substantial risk of death in order to convict defendant of the count of assault in the first degree relating to such complainant (*see, People v Malagon*, 50 NY2d 954, 956). There was, however, sufficient evidence to support a determination that defendant caused physical injury creating a substantial risk of death to the complainant relevant to the count challenged on appeal. The evidence showed that defendant stabbed this complainant in the upper abdomen, just below the rib cage, with a knife having a seven-inch blade, and that the complainant bled copiously from the resulting wound, to the extent that her shirt was soaked with blood. At a hospital, the wound was irrigated and sutured, and the complainant was subjected to a CAT scan, an X-ray, and monitoring "for a couple of days" to determine whether the heart, intestines or other vital organs had been damaged, which was a possibility from a knife wound in this area of the body. The jury was entitled to infer from this evidence that there had been a substantial risk that death

would result from the abdominal wound in the absence of speedy medical intervention.

We perceive no abuse of discretion either in. the denial of youthful offender status or in the imposition of sentence. Concur—Sullivan, J. P., Lerner, Mazzarelli and Saxe, JJ.