THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIQUAN McCLOUGH, Appellant. [23 NYS3d 365]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Delligatti, J.), rendered December 17, 2013, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of the defendant's statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was not entitled to suppression of a statement he made to law enforcement officials following his arrest and before he was advised of his Miranda rights (see Miranda v Arizona, 384 US 436 [1966]). After a detective succinctly and accurately answered the defendant's inquiry if he was under arrest or being brought in for questioning, the defendant asked, "How could you arrest me without the gun?" The Supreme Court properly determined that the inculpatory statement was not prompted by the functional equivalent of custodial interrogation, and thus, was not subject to suppression (see Rhode Island v Innis, 446 US 291, 300-301 [1980]; Miranda v Arizona, 384 US 436 [1966]; People v Davis, 32 AD3d 445 [2006]; People v Harrison, 251 AD2d 681, 682 [1998]; People v West, 237 AD2d 315 [1997]; People v Pryor, 194 AD2d 749 [1993]; cf. People v Tavares-Nunez, 87 AD3d 1171 [2011]).

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nonetheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and

observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The fact that the main prosecution witness had a criminal background and testified pursuant to a cooperation agreement did not render her testimony incredible (*see People v Bernard*, 100 AD3d 916 [2012]; *People v Jean-Marie*, 67 AD3d 704 [2009]; *People v Manley*, 60 AD3d 870 [2009]; *People v Adams*, 302 AD2d 601 [2003]).

The Supreme Court providently exercised its discretion in denying the defendant's request for reassignment of counsel (*see People v Porto*, 16 NY3d 93, 99-100 [2010]; *People v Ward*, 121 AD3d 1026 [2014]; *People v Alexander*, 100 AD3d 649 [2012]; *People v Ayuso*, 80 AD3d 708 [2011]). Additionally, the Supreme Court providently exercised its discretion in denying the defendant's request for an adjournment of the sentencing hearing (*see People v Singleton*, 41 NY2d 402 [1977]; *People v Davis*, 118 AD3d 906 [2014]; *People v Hardy*, 294 AD2d 516 [2002]). Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.