■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GOMEZ, Also Known as TITANIC, Appellant. [30 NYS3d 234]— Appeal by the defendant from a judgment of the County Court, Suffolk County (Ambro, J.), rendered June 13, 2014, convicting him of murder in the second degree and conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the

evidence is unpreserved for appellate review (see CPL 470.05 [2]; *People v Guzman*, 134 AD3d 852, 853 [2015]; *People v Mazyck*, 118 AD3d 728, 728 [2014]). In any event, viewing the evidence in the light most favorable to the prosecution (see *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, the testimony of the main prosecution witness was not incredible as a matter of law (see *People v McClough*, 135 AD3d 880 [2016]; *People v Davis*, 299 AD2d 420, 422 [2002]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see *People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see *People v Romero*, 7 NY3d 633 [2006]).

The defendant failed to preserve for appellate review his contention that he was deprived of his right to a fair trial by the prosecutor's alleged violation of the County Court's *Molineux* ruling (see *People v Molineux*, 168 NY 264 [1901]; *People v Laverpool*, 52 AD3d 622, 623 [2008]; *People v Olibencia*, 45 AD3d 607, 609 [2007]; *People v Ingram*, 258 AD2d 533 [1999]). In any event, the prosecutor did not violate the court's *Molineux* ruling (see *People v Rock*, 65 AD3d 558, 559 [2009]). In addition, the defendant did not object to the *Molineux* charge as given, and thus his claim that the charge was inadequate is unpreserved for appellate review (see CPL 470.05 [2]; *People v Dei*, 2 AD3d 1459, 1460 [2003]), and, in any event, without merit.

The County Court properly denied the defendant's application for a missing witness charge regarding a New York State Police investigator. A party seeking a missing witness charge "must sustain an initial burden of showing that the opposing party has failed to call a witness who could be expected to have knowledge regarding a material issue in the case and to provide testimony favorable to the opposing party" (*People v Macana*, 84 NY2d 173, 177 [1994]). Here, the defendant failed to make a prima facie showing that the uncalled witness could be expected to have knowledge about a material issue in the case or that his testimony would be favorable to the People (see *People v Salmon*, 291 AD2d 512, 512-513 [2002]; *People v Moore*, 268 AD2d 491 [2000]).

The defendant's contentions that the County Court committed reversible error when it referred a witness's accomplice status to the jury for resolution as a question of fact, and that the prosecution failed to present sufficient nonaccomplice testimony to corroborate the witness's testimony, are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Argentina*, 27 AD3d 569, 570 [2006]; *People v Roque*, 291 AD2d 417 [2002]). In any event, the court properly instructed the jury that the issue of whether the witness was an accomplice was a question of fact, inasmuch as competing inferences regarding his complicity could reasonably have been drawn from the evidence adduced at the trial (*see People v Visich*, 57 AD3d 804, 806 [2008]).

The defendant failed to preserve for appellate review his contention that he was deprived of his right to a fair trial due to remarks the prosecutor made on summation (*see* CPL 470.05 [2]). In any event, the challenged remarks either constituted fair comment on the evidence and the inferences to be drawn therefrom (*see People v Patterson*, 121 AD2d 406 [1986]), were within the broad bounds of rhetorical comment permissible in closing arguments and constituted fair response to arguments made by defense counsel in summation (*see People v Rios*, 105 AD3d 873 [2013]), or were not so derogatory as to deprive the defendant of a fair trial (*see People v Tavarez*, 135 AD3d 973 [2016]; *People v Caba*, 101 AD3d 896 [2012]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Mastro, Leventhal and Miller, JJ., concur.