■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUSTACIO ROBERTS, Appellant. [30 NYS3d 570]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered August 28, 2014, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of April 28, 2010, the defendant broke into the home of his former girlfriend and stabbed her to death. After a jury trial, during which the defendant advanced the affirmative defense of extreme emotional disturbance, he was convicted of murder in the second degree.

The defendant's contention that he was deprived of his right to a fair trial due to improper remarks made by the prosecutor during summation is largely unpreserved for appellate review, since the defendant failed to object to many of the remarks he now challenges (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]). In any event, to the extent that several of the prosecutor's remarks made during summation were improper, those remarks did not deprive the defendant of a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to the defendant's conviction (*see People v Roscher*, 114 AD3d 812, 813 [2014]).

Defense counsel's failure to object to certain summation remarks did not constitute ineffective assistance of counsel (*see*

*People v King*, 27 NY3d 147 [2016]; *People v Wragg*, 26 NY3d 403 [2015]; *People v Stevenson*, 129 AD3d 998, 999 [2015]). The record reveals that defense counsel provided meaningful representation (*see People v Taylor*, 1 NY3d 174, 176-177 [2003]; *People v Benevento*, 91 NY2d 708, 712 [1998]).

The defendant's contention that the admission of recorded telephone calls made during his detention at Rikers Island Correctional Facility violated his right to counsel under the state and federal constitutions is without merit (*see People v Johnson*, 27 NY3d 199 [2016]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Leventhal, J.P., Roman, Hinds-Radix and Brathwaite Nelson, JJ., concur.