People v Utley (2019 NY Slip Op 01624)





People v Utley


2019 NY Slip Op 01624


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-07150
 (Ind. No. 71/15)

[*1]The People of the State of New York, respondent,
v
Otis Utley, appellant.


Paul Skip Laisure, New York, NY (Benjamin S. Litman, of counsel) for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Roni C. Piplani, and Jimei Hon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered June 28, 2016, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), including the victim's in-court identification of the defendant as one of the perpetrators of the subject robbery and the DNA evidence linking the defendant to the bag the victim testified he saw the defendant holding during the commission of the crime, we find that it was legally sufficient to establish the defendant's identity as one of the perpetrators beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348; People v Romero, 7 NY3d 633).
We agree with the Supreme Court's determination admitting into evidence a recording of a telephone call the defendant made during his pretrial detention at a Rikers Island correctional facility. There is no merit to the defendant's contention that the admission of the recording was improper because the defendant did not consent to the release of the recording by the New York City Department of Correction to the prosecution, as the defendant had no reasonable expectation of privacy in the content of the recorded communication (see People v Diaz, ___ NY3d ___, 2019 NY Slip Op 01260 [2019]; People v Koonce, 111 AD3d 1277, 1279). The defendant's contention that the admission of the recording violated his right to counsel under the State and Federal Constitutions also is without merit (see People v Johnson, 27 NY3d 199, 205-206; People v Diaz, 149 AD3d 974, 975, affd ___ NY3d ___, 2019 NY Slip Op 01260; People v Cisse, 149 AD3d 435, 436, affd ___ NY3d ___, 2019 NY Slip Op 01258 [2019]; People v Roberts, 139 AD3d 985, 986), as are his claims that the admission of the recording violated his rights to be free from unreasonable searches and seizures (see People v Diaz, ___ NY3d ___, 2019 NY Slip Op 01260), to participate in the preparation of his own defense (see People v Cisse, 149 AD3d at 436), to equal protection, and to a fair trial.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court