People v Andolina (2019 NY Slip Op 03064)





People v Andolina


2019 NY Slip Op 03064


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-03041
 (Ind. No. 53/15)

[*1]The People of the State of New York, respondent,
v
Frank Andolina, appellant.


Paul Skip Laisure, New York, NY (Jonathan Schoepp-Wong of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), rendered March 2, 2016, convicting him of attempted robbery in the first degree, attempted assault in the second degree, attempted criminal possession of stolen property in the fourth degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to establish, beyond a reasonable doubt, his guilt of attempted robbery in the first degree and attempted assault in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484; People v Gray, 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of those crimes and attempted criminal possession of stolen property in the fourth degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to those three crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the Supreme Court's denial of the defendant's request for a missing witness charge, as the defendant failed to make a prima facie showing that the witness would have had knowledge about a material issue (see People v Gonzalez, 68 NY2d 424, 427; People v Gomez, 138 AD3d 1017, 1018; People v Whitlock, 95 AD3d 909, 911). In addition, the witness's testimony would have constituted hearsay (see People v Cephas, 107 AD3d 821, 821; People v Watson, 220 AD2d 333, 333; People v Small, 201 AD2d 315, 316).
The defendant's contention that the admission into evidence of excerpts from a recorded telephone call he made during his detention at Rikers Island Correctional Facility violated his right to counsel under the Federal and State constitutions is without merit (see People v Johnson, 27 NY3d 199, 205-206; People v Roberts, 139 AD3d 985, 986). The defendant's alternative challenges to the admission into evidence of excerpts from that recorded telephone call are [*2]unpreserved for appellate review (see CPL 470.05[2]; People v Gray, 86 NY2d 10; People v Cesar, 131 AD3d 223, 227; People v Corker, 67 AD3d 926, 927), and, in any event, without merit (see People v Diaz, ___ NY3d ___, 2019 NY Slip Op 01260 [2019]; People v Cisse, 32 NY3d 1198; Bellamy v Judges in N.Y. City Crim. Ct., 41 AD2d 196, affd 32 NY2d 886).
RIVERA, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court