People v Begeot (2025 NY Slip Op 01296)

People v Begeot

2025 NY Slip Op 01296

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Renwick, P.J., Gesmer, Shulman, Rosado, O'Neill Levy, JJ. 

Ind No. 1075/21|Appeal No. 3839|Case No. 2022-04139|

[*1]The People of the State of New York, Respondent,
v
Bryan Begeot, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alexander L. Mitter of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David E. A. Crowley of counsel), for respondent.

Judgment, Supreme Court, New York County (April A. Newbauer, J.), rendered February 1, 2022, convicting defendant after a jury trial, of sexual abuse in the first degree and public lewdness, and judgment of resentence, same court and justice, rendered February 22, 2024, resentencing defendant to an aggregate term of two years followed by 10 years of postrelease supervision, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, __ NY3d __, 2024 NY Slip Op 05244 [2024]). The evidence, which included the victim's unequivocal testimony, video surveillance footage of the incident, and the testimony of an eyewitness who intervened during the incident, established that defendant subjected the victim to sexual contact (see Penal Law §§ 130.00[3], 130.65[1]; see also People v Sene, 66 AD3d 427, 427-28 [1st Dept 2009], lv denied 13 NY3d 941 [2010]). The surrounding circumstances, including defendant's conduct before the offense, as depicted on the video, demonstrated that he acted with the requisite intent to obtain sexual gratification (People v Hatton, 26 NY3d 364, 369 [2015]; Matter of Traekwon I., 152 AD3d 431, 431-432 [1st Dept 2017]).
The court providently exercised its discretion when it denied defendant's request for a missing witness charge for the lead detective investigating the case, who was not present at the scene of the incident and interviewed defendant and several other witnesses hours after the incident (see People v Gonzalez, 68 NY2d 424, 428 [1986]). Defendant failed to establish that the detective had knowledge about a material issue in the case or that he could have provided admissible, favorable testimony (see People v Lyons, 81 NY2d 753, 754 [1992]; People v Small, 201 AD2d 315, 316 [1st Dept 1994], lv denied 83 NY2d 876 [1994]). Any potential testimony from the detective about whether defendant appeared intoxicated at the precinct hours after the incident would have been cumulative to the testimony of the victim, the eyewitness, and the apprehending officer, who all agreed that defendant did not appear to be under the influence of any substances (see People v Edwards, 14 NY3d 733, 735 [2010]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025